**Robert T. IRVIN, Plaintiff–Appellant,**

v.

**James E. WALTON, Defendant–Appellee.**

**No. 00–6655.**

United States Court of Appeals, Sixth Circuit.

June 7, 2001.

Before RALPH B. GUY, JR., BOGGS, and GILMAN, Circuit Judges.

*ORDER*

Robert T. Irvin, a Tennessee resident proceeding pro se, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking six million dollars in compensatory damages and twelve million dollars in punitive damages, Irvin sued Montgomery County, Tennessee, Circuit Judge James E. Walton. Irvin alleged that Walton violated his constitutional rights when he dismissed Irvin's state court case and forbade Irvin from filing any more similar lawsuits. The district court granted Irvin in forma pauperis status and dismissed the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2). After an earlier appeal was dismissed for lack of jurisdiction, the district court construed Irvin's February 24, 1998, "Motion for Enlargement of Time Within Which to Obtain Filing Fee of One Hundred and Five Dollars" as a notice of appeal.

On appeal, Irvin argues that Judge Walton denied him his constitutional right to petition the government for justice.

Upon de novo review, we conclude that the district court properly dismissed Irvin's complaint under 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A judge performing his or her judicial functions is absolutely immune from suits seeking monetary damages. *See Mireles v. Waco,* 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam); *Barrett v. Harrington,* 130 F.3d 246, 254 (6th Cir. 1997). Irvin alleged that Walton denied

him his constitutional rights when the judge dismissed Irvin's state court case. Nothing in Irvin's complaint or his brief on appeal suggests that Walton acted in a non-judicial capacity or without jurisdiction. Accordingly, he is absolutely immune from Irvin's suit seeking monetary damages. Irvin's complaint was frivolous because it lacked an arguable basis in law. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.